TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Case No. 26-cv-06811

**COMPLAINT**

---------------------------------------------------------------- x

SEN XU
*on his own behalf and on behalf of others similarly situated*

Plaintiff,

v.

EDEN RELAXATION SPA INC.
d/b/a Eden Nail
d/b/a Eden Lash and
EMERSON EDEN NAIL SPA INC
d/b/a Eden Relaxation Spa
d/b/a Eden Hair
YANG ZHAO
a/k/a Eden Zhao,

Defendants.

---------------------------------------------------------------- x

Plaintiff SEN XU (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash; EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair, and YANG ZHAO a/k/a Eden Zhao, and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff SEN XU, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour

Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7. Plaintiff SEN XU was employed by Defendants to work as a Hair Stylist/Barber at EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair located 1231 McBride Ave, 4 Woodland, NJ 07424.

**DEFENDANTS**

***Corporate Defendants***

8. Defendant EDEN RELAXATION SPA INC. d/b/a Eden Nails d/b/a Eden Lash is a domestic business corporation organized under the laws of the State of New York with a principal address at 1231 McBride Avenue, 2nd Floor, Woodland Park, NJ 07424.

9. EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash is a business engaged in Cosmetology that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash provides cosmetology services.

11. Defendant EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair is a domestic business corporation organized under the laws of the State of New York with a principal address at 1231 McBride Avenue, Woodland Park, NJ 07424.

12. EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair is a business engaged in Cosmetology that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair provides cosmetology services.

***Owner/Operator Defendant***

14. Upon information and belief, YANG ZHAO a/k/a Eden Zhao, known as "Owner" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employee records at EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair, EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash.

15. Soon before Plaintiff's employment on or about March 3, 2023, Plaintiff visited YANG ZHAO's hair salon.

16. YANG ZHAO hired the Plaintiff to work for him at Eden Hair Salon located 1231 McBride Ave, 4 Woodland, NJ 07424, first for two days in 2021 and then for a period of time from on or about March 3, 2023 to on or about January 27, 2025.

17. At all relevant times, YANG ZHAO set Plaintiff's working schedule.

18. At all relevant times, YANG ZHAO distributed Plaintiff for the wages.

19. YANG ZHAO fired the Plaintiff from Eden Hair Salon located 1231 McBride Ave, 4 Woodland, NJ 07424.

20. In addition, YANG ZHAO made the Plaintiff buy hair dyes and hair styling tools worth over eight thousand dollars ($8000) and did not pay the Plaintiff for the purchases.

21. YANG ZHAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair, EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash.

## STATEMENT OF FACTS

22. EMERSON EDEN NAIL SPA INC d/b/a Eden Relaxation Spa d/b/a Eden Hair, EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash are joint employers

and a single enterprise under the Fair Labor Standards Act insofar as they share employees, including Plaintiff, utilize Plaintiff's work across both locations, are owned by the same owner, operated by the same management, and advertise as the same enterprise.

23. More particularly, Plaintiff XU SEN was directed by the Defendant YANG ZHAO a/k/a Eden Zhao to drive EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash to and from work from pickup spots in Flushing, New York (where the Plaintiff worked) to Woodland, New Jersey (where the store was located at).

**Wage and Hour Claims**

***Plaintiff Xu Sen***

24. In 2021, Plaintiff XU SEN was promised a wage rate of $140 for two days of work.

25. From on or about March 3, 2023, to January 27, 2025, Plaintiff XU SEN was employed by the Defendants as a Hair Stylist/Barber at Eden Hair Salon located 1231 McBride Ave, 4 Woodland, NJ 07424.

26. As a Hair Stylist / Barber, Plaintiff's primary responsibilities include: cutting hair for customers, load and unload inventory at the hair salon and the neighboring nail salon, buy inventory, mopping the floor; mopping the windows, watering the plants, cleaning the fish tank on a daily basis (per Defendants' request), assisting YANG ZHAO a/k/a Eden Zhao to run various errands using Plaintiff's personal vehicle; driving nail salon employees to and from work (two to three times a week) from Flushing, New York to Woodland New Jersey.

27. From on or about March 3, 2023, to January 27, 2025, Plaintiff XU SEN's regular work schedule included work for six (6) to seven (7) days a week. The plaintiff worked from 10:00 AM to 8:00 PM.

28. On days when Plaintiff was required to transport the two to three employees (for two to three days a week) employed by EDEN RELAXATION SPA INC. d/b/a Eden Nail d/b/a Eden Lash, Plaintiff departed from the Flushing pickup spot (close to Kissena Boulevard and Colden Street) at 08:00 a.m. and arrived at the hair salon at 09:30 to 09:40 a.m.

29. At all relevant times, Plaintiff XU SEN did not have a fixed time for lunch, Plaintiff would only get ten (10) minutes for coffee and ten (10) minutes for lunch.

30. From on or, about March 3, 2023, to March 30, 2023, Plaintiff XU SEN was paid at a flat rate of one hundred fifty (150) dollars per day. Including for any hours in which he worked in excess of forty (40) hours a week.

31. From on or, about April 1, 2023, to January 27, 2025, the Defendant did not pay the Plaintiff his wages.

32. Instead, Defendants only paid Plaintiff on a commission basis, specifically $20 per hair cut based on a commission of $20 per haircut and $100 per dying hair.

33. On weekdays, where foot traffic was limited, Plaintiff was only paid twenty (20) dollars for work done for that entire day. On Fridays and Saturdays, Plaintiff was paid $120 to $140 per day, which does not include any overtime compensation for hours in excess of 40 hours.

34. Defendants did not pay Plaintiff for his time spent driving his coworkers to and from work.

35. At all relevant times, Plaintiff was paid only in cash.

36. Defendants' failure to provide plaintiff with his wage statement with his weekly wages prevented plaintiff from understanding that he was not being paid overtime for the hours he worked past the fortieth (40th) hour. This in turn financially injured plaintiff

because he was not earning the amount of money that he should be earning from defendants but only a portion of his what he should have earned.

37. Throughout his employment, Plaintiff XU SEN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each work week.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

39. Plaintiff bring his NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

40. All said persons, including Plaintiff, are referred to herein as the "Class."

41. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by

means permissible under said Fed. R. Civ. P. 23.

***Numerosity***

42. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

43. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

b. Whether Plaintiff and Class members are paid at least the minimum wage for all hours worked under the NJWHL;

c. Whether Plaintiff and Class members are entitled to and paid overtime at his promised hourly wage or the minimum wage, whichever is higher, under the NJWHL;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for his work.

***Typicality***

44. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

45. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

***Superiority***

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible

for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of Fair Labor Standards Act —Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

50. At all relevant times, defendants employed "employees" including Plaintiff within the meaning of FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

53. Defendants failed to pay at least the relevant statutory minimum wage to Plaintiff for all of the hours he worked for the period from March 3, 2023, to January 27, 2025.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff for the hours he worked at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II.
## [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of NJWHL.

58. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

59. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

60. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, plus liquidated damages up to 200% of the unpaid minimum wage for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

64. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime

pay violated the FLSA.

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

67. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV.**
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Rule 23 Class]**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011, and one hundred percent (100%) thereafter under NY Wage Theft

Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

72. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, plus liquidated damages up to 200% of the unpaid overtime pay for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## . **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiff and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent

to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiff's unlawful termination, compensatory damages, prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
June 9, 2026

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

*<u>/s/ Aaron Schweitzer</u>*
Aaron Schweitzer
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com